Manly, J.
 

 Two questions are presented in the case transmitted to this Court.
 

 1. Whether the continuance of the pond of water on the petitioner’s land for twelve years, would justify the presumption of a grant of the easement.
 

 2. Whether it was competent to prove in bar, or in mitigation of damages, that no complaint had been made prior to the filing of the petition.
 

 Both questions were properly ruled against the defendant below.
 

 The provisions of the Revised Code, eh. 65, sections 18 and 19, raising a presumption of payment or abandonment upon judgments, decrees, contracts, equities of redemption, and other equitable interests after the lapse of ten years, do not embrace cases of the kind before ns; so, that the presumptive bar in favor of a private easement stands as at common law. In England, twenty years seems to have been adopt
 
 *339
 
 ed by the Judges by analogy to the statute, 21 James I, which makes an adverse enjoyment for that time a bar to an action of ejectment. A less time than this does not seem to have been held, in any instance, of itself, sufficient to justify the presumption.
 

 In North Carolina, we have followed the English rule, and have held twenty years necessary and sufficient. The cases upon this point are collected in the opinion of the Court delivered in
 
 Ingraham
 
 v. Hough, 1 Jones’ Rep. 19. Since that case, it may be regarded as settled, that twenty years enjoyment of an easement, uninterrupted and unexplained, will raise the presumption of a grant. Nothing less than this will • do. The eleven or twelve years, therefore, set forth in the case, as the period during which the pond of water has been kept up, is not sufficient to create a presumptive bar to the right of redress of the owner of the land covered.
 

 The evidence offered and rejected by the .Court, was inadmissible for either of the objects avowed, or for any other that we are aware of. No demand of damages, or notice of the petition, prior to the filing of the same, was necessary. Previous complaint, therefore, not being a prerequisite, the want of it was not a bar to the suit. So, we cannot perceive how or in what way it can have a legitimate effect upon the amount of damages. Suffering can rarely be measured, with truth, by the amount of complaint indulged; and the absence of the one cannot be inferred, with any reasonable certainty, from the absence of the other. Such matters depend so much on temperament and education, that they cannot be relied upon as indices from which a jury may infer facts upon which to base a verdict. There is no error.
 

 Per Curiam,
 

 Judgment affirmed.